**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **FIDEL JUAREZ FRANCISCO** | **CIVIL ACTION** |
| **v.** | **No. 26-1321** |
| **J. L. JAMISON,** *et al.* | |

**Henry, J.**                                                                                 **March 4, 2026**

## <u>MEMORANDUM</u>

Fidel Juarez Francisco is one of many who have recently been detained by immigration authorities under the purported authority of Immigration and Nationality Act (INA) § 235, *codified at* 8 U.S.C. § 1225. The respondents argue that this statute, properly interpreted, permits them to treat as "seeking admission" an immigrant who was not inspected upon arrival in the country, no matter how long ago that arrival occurred.[1] This distinction deprives a detainee like Juarez Francisco of any hearing at which he could try to prove that he should be released on bond. Because I join the analysis of hundreds of other decisions in recent months rejecting the BIA's analysis, and because I am not persuaded or bound by the one appellate authority on point, I grant Juarez Francisco's petition for a writ of habeas corpus and order his immediate release, subject to possible later rearrest.

---

[1] I follow my colleagues in referring principally to the section as codified in Title 8 of the United States Code rather than the sections as numbered in the INA, but it makes no difference. *But cf. Lattab v. Ashcroft*, 384 F.3d 8, 12 n.1 (1st Cir. 2004).

## I.  BACKGROUND

Juarez Francisco is a citizen of Mexico who entered the United States in 2022.  ECF No. 1 ("Pet.") at ¶ 24.  Shortly after entering the country, he was encountered by DHS officers who detained and processed him before releasing him to live in Pennsylvania with his brother.  *Id.* at ¶ 25.  He was not placed in removal proceedings.  *Id.*

On or about February 27, 2026, DHS officials detained Juarez Francisco in Kennett Square, Pennsylvania.  *Id.* at ¶ 28.  He is currently being held at the Philadelphia Federal Detention Center. *Id.* at ¶ 29.  Because Juarez Francisco is detained under the mandatory detention provision of 8 U.S.C. § 1225, the respondents have determined that he will not be permitted a bond hearing.  *See* ECF No. 4 ("Opp.") at 8.

He filed the present petition for writ of habeas corpus on March 2, 2026.

## II.  DISCUSSION

As the respondents acknowledge, "this case turns principally on the threshold statutory interpretation question" regarding the immigration detention statutes. Opp. at 4. The question resolves into arguments about interpreting Section 1225, which may also touch on the Constitution's Due Process Clause as well as immigration regulations.[2] The issue has been considered directly by one appellate court, which rendered its opinion a few weeks ago. *Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330 (5th Cir. Feb. 6, 2026). The Seventh Circuit in *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1062 (7th Cir. 2025) concluded at the level of a preliminary injunction that the government was not likely to succeed on the merits of its argument for mandatory detention of applicants for admission present under § 1225(b)(2)(A)). The Court of

---

[2] The respondents have challenged this Court's jurisdiction prior to the merits in previous cases, but, as they acknowledge, they raise no jurisdictional challenge here. Opp. at 4 n.3.

Appeals for the Third Circuit, whose decisions bind this Court, has before it appeals of the same issue, *e.g.*, Notice of Appeal, *Soumare v. Jamison*, 2025 WL 3461542 (E.D. Pa. Feb. 2, 2026), but it has not yet produced a decision on the matter.

The question here is whether Juarez Francisco is properly detained under the mandatory detention provisions in 8 U.S.C. § 1225. According to respondents, this detention falls within the ambit of § 1225(b)(2)(A): "[I]n the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien *seeking admission* is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained . . ." (emphasis added). The respondents claim that Juarez Francisco was "seeking admission" under this section, although he had been in the country since 2022 and was detained in early 2026. This reading suffers from several textual problems: It is not a plain reading of the text, since it would be strange to say that Juarez Francisco seeks to be "admitted" to a place he had already entered. *Kashranov v. Jamison*, 2025 WL 3188399 at *6–7 (E.D. Pa. Nov. 14, 2025); it threatens to make meaningless the concurrent requirement that the same "alien *seeking* admission" be an "*applicant* for admission." *Demirel v. Federal Detention Center Philadelphia*, 2025 WL 3218243 at *4 (E.D. Pa. Nov. 18, 2025); *accord Buenrostro-Mendez*, 2026 WL 32330 at *12 (Douglas, J., dissenting). It would similarly make Congress's recent enactment of the Laken Riley Act, Pub. L. No. 119-1, 139 Stat. 3 (2025), which separately expanded mandatory detention, "beside the point." *Demirel*, 2025 WL 3218243 at *4 (E.D. Pa. Nov. 18, 2025) (citing *Stone v. I.N.S.*, 514 U.S. 386, 397 (1995)). *But see Buenrostro-Mendez*, 2026 WL 323330 at *4 (offering alternative analysis of effect of Laken Riley Act). And it would seem to contravene the Supreme Court's own interpretation of the function of these statutes. *See Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) ("U.S. immigration law authorizes the Government to detain certain *aliens seeking admission* into the country under §§ 1225(b)(1) and (b)(2) [and] to

detain certain *aliens already in the country* pending the outcome of removal proceedings under §§ 1226(a) and (c)").

Where this Court has spoken nearly 200 times on the matter in the past several months, and where in fact I have spoken several times myself, further reasoning would be merely cumulative. Because I find the statutory arguments sufficient to hold his present detention unlawful, I need not reach constitutional or regulatory arguments.

The respondents do not argue that Juarez Francisco is presently detained pursuant to both § 1226 and § 1225. Section 1226 permits detention but would generally permit the detainee to seek bond. The government has occasionally and recently argued that these two sections cover non-overlapping groups of detainees. *See Demirel*, 2025 WL 3218243, at *5. Since Juarez Francisco has not had a bond hearing, even if I were to hold that he is detained pursuant to § 1226, his detention without a bond hearing would be unlawful.

### III. <u>CONCLUSION</u>

For the reasons given above, Juarez Francisco's present detention under § 1225 is unlawful, and he must be released. I will issue an order granting him a bond hearing upon any future detention under § 1226.